# Third District Court of Appeal

## State of Florida

Opinion filed July 30, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-2128
Lower Tribunal No. 25-143266-CC-05
_____

**Juan Pablo Alvarado,**
Appellant,

vs.

**34 Plaza LLC,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Michael G. Barket, Judge.

Juan Pablo Alvarado, in proper person.

No Appearance, for appellee.

Before SCALES, C.J., and LOBREE and GOODEN, JJ.

PER CURIAM.

Affirmed. See § 83.60(2), Fla. Stat. (2025) ("In an action by the landlord for possession of a dwelling unit, if the tenant interposes any defense other than payment, . . . the tenant shall pay into the registry of the court the accrued rent as alleged in the complaint or as determined by the court and the rent that accrues during the pendency of the proceeding, when due."); Cf. 5051 NW 37 Ave. Corp. v. IES Sales & Serv., LLC, 389 So. 3d 734, 736 n.1 (Fla. 3d DCA 2024) (concluding, in a commercial eviction action, the landlord's inclusion of unpaid property taxes in the rent amount that was allegedly due was permissible because the lease agreement defined the unpaid property taxes as "Additional Rent" that was "to be treated in the same manner as Rent"); Boudreau v. M & H Food Corp., 895 So. 2d 501, 503 (Fla. 2d DCA 2005) (concluding, in a commercial eviction action, the landlord's inclusion of an unpaid insurance premium in the rent amount that was allegedly due was permissible because "the lease agreement specifically provided that if the Tenant failed to pay the required insurance premium, the Landlord would pay the premium and the Tenant would be required to repay the premium as an additional rent payment").